IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Civil Action No. 1:19-cv-01193-DDD

KELSEY DELPONTE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER AFFIRMING DECISION OF ADMINISTRATIVE LAW JUDGE

Plaintiff Kelsey Delponte filed for Social Security disability benefits due to back pain. Mr. Delponte appeals an Administrative Law Judge's decision upholding the denial of his request. Since the ALJ's findings were supported by substantial evidence and the ALJ applied the correct legal standards, the ALJ's decision is AFFIRMED.

## BACKGROUND

Mr. Delponte filed for Social Security disability benefits on August 26, 2016, pointing to cervical and lumbar degenerative disc disease and obesity. (Tr. at 25-27.)[1] He alleged that his medical impairments prevented him from performing his previous work, which required lifting and standing for extended periods. *Id.* at 29. The ALJ concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the

---

[1] The pagination in this order is consistent with the pagination in the district court's record, rather than the ALJ's record.

- 1 -

medical evidence and other evidence in the record" and that he was not entitled to Social Security disability benefits. *Id.* at 29.

## APPLICABLE LAW

In appeals from Social Security adjudications, federal courts must "independently review the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence." *Krauser v. Astrue*, 638 F.3d 1324, 1326 (10th Cir. 2011). An ALJ's "[f]ailure to apply the correct legal standard . . . is grounds for reversal." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Under the "substantial evidence" test, "a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks omitted). The standard for sufficiency is "not high" and means "more than a mere scintilla." *Id.*

## DISCUSSION

Plaintiff alleges that the ALJ improperly weighed the following evidence: (1) state agency medical consultant Dr. James McElhinney's December 2016 determination that Plaintiff was not disabled (Tr. at 76.); (2) Dr. Michael Drewek's post-operation lifting and postural restrictions, (Tr. at 368, 494, 561, 676.); and (3) physician assistant McKenzie Kline's functional capacity statement noting that Plaintiff had a range of severe physical limitations. (Tr. at 307-308.) Plaintiff alleges that the ALJ should have found Dr. Drewek and Ms. Kline's opinions, which support his disability claim, to be more significant than Dr. McElhinney's, which does not. (Doc. 15 at 7-13.) Plaintiff also argues that the ALJ erred in concluding that his pain was insufficient-

ly severe to constitute disability under the governing rules and that he could perform his prior relevant work.

## I. The ALJ properly weighed competing evidence

When a medical opinion by a treating physician "is not inconsistent with the other substantial evidence in [the] case record," an ALJ "will give it controlling weight." 20 C.F.R. § 404.1527(c)(2). Since Dr. Drewek's opinion that Plaintiff should refrain from lifting weights of ten pounds or more was inconsistent with other evidence in the record, it was not dispositive. Dr. Drewek's opinion, communicated to Plaintiff shortly after his surgeries, that he not lift weights of more than ten pounds, conflicted with evidence elsewhere in the record. (Tr. at 368, 494, 561, 676.) On review of Plaintiff's medical history, for example, Dr. McElhinney concluded that Plaintiff could carry twenty pounds occasionally and ten pounds frequently. (Tr. at 28.) As a result of his inconsistency, the ALJ was correct in not giving dispositive weight to Dr. Drewek's opinion.

As a result of the inconsistency in medical opinions, the ALJ was required to give greater weight to doctors who had treated Plaintiff for longer and who had more knowledge of Plaintiff's impairments. 20 C.F.R. §§ 404.1527(c)(2)(i) and (ii). In this instance, those two standards pointed in opposite directions. Dr. Drewek had treated Plaintiff longer than Dr. McElhinney (who hadn't treated him at all), but the ALJ found that the nature of Dr. Drewek's assessment gave it less weight. The ALJ assigned less weight to Dr. Drewek's opinion because he "assessed these restrictions shortly after the claimant's lumbar and cervical spine surgeries, before the claimant had fully recovered from surgery or received the benefits of physical therapy" and because Dr. Drewek's restrictions were temporary and did not reflect "the claim-

- 3 -

ant's long-term or permanent restrictions." (Tr. at 32.) The ALJ's analysis is a correct application of 20 C.F.R. § 404.1527(c)(2)(ii), which requires an ALJ to consider the nature and extent of the treatment relationship. The ALJ's determination that Dr. Drewek, who performed surgery and gave recovery instructions, had a less comprehensive relationship with Plaintiff than Dr. McElhinney, who reviewed Plaintiff's entire medical history to make a disability determination, was a reasonable application of 20 C.F.R. § 404.1527(c)(2)(ii).

Plaintiff argues that the ALJ engaged in baseless speculation in concluding that Dr. Drewek's prescriptions were limited to post-surgery recovery. (Doc. 15 at 3.) The ALJ's finding had some basis in the record though, since Dr. Drewek explicitly restricted his instructions to the post-surgery period after Plaintiff's first surgery. (Tr. 379.) It was only after Plaintiff's more recent surgery that Dr. Drewek did not explicitly assign an expiration date to his limitations. Further, the ALJ did not reject a treating physician's opinion based on her own credibility judgment, but appropriately weighed the treating physician's evidence against contradictory evidence. *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002). In light of contradictory evidence, the ALJ had a sufficient factual basis to conclude that Dr. Drewek's limitations were temporary.

The ALJ's conclusion that Ms. Kline's opinion had less weight was free from legal error and supported by substantial evidence. Ms. Kline is a physician's assistant, so she is only considered an "acceptable medical source" for claims filed on or after March 27, 2017. 20 C.F.R. § 404.1502(a)(8). Regulations afford broad deference to an ALJ's weighing of evidence from non-acceptable medical sources. 20 C.F.R. §§ 404.1527(f)(1) and (2). An ALJ may emphasize any appropriate factor as long as he "explain[s] the weight given to opinions from these

- 4 -

Case 1:19-cv-01193-DDD   Document 21   Filed 11/15/22   USDC Colorado   Page 5 of 7

sources or otherwise ensure[s] that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." 20 C.F.R. § 404.1527(f)(2). Here, the ALJ found that Ms. Kline did not present sufficient medical evidence and that her opinions were inconsistent with Plaintiff's subsequent improvement in symptoms. (Tr. at 32-33.) This explanation is based on evidence in the record (Tr. at 76) and enables a claimant or subsequent reviewer to follow the ALJ's reasoning and is therefore free from legal error.

Plaintiff argues that the ALJ erred by failing to consider that Ms. Kline's conclusions, even if unsupported by her own records, were consistent with subsequent medical evidence. (Doc. 15 at 4-5.) The district court may not undertake a *de novo* review of Ms. Kline's credibility, and instead must determine whether the ALJ's assessment was free from legal error and supported by substantial evidence. *Krauser*, 638 F.3d at 1326. Even if the ALJ could have considered Plaintiff's longitudinal treatment record in assessing Ms. Kline's opinion, the Social Security regulations did not require her to do so. And while that record perhaps could have supported Ms. Kline's opinion, as noted, it also has sufficient evidence to support the contrary conclusion. The ALJ's decision therefore must be upheld.

Finally, the ALJ offered sufficient factual support for her weighing determinations. Plaintiff argues that the ALJ "failed to point to any evidence which contradicted Dr. Drewek's last word on the matter" and "did not point to any medical evidence or opinion that contradicted the sedentary limitations that Dr. Drewek last assessed in September 2017." (Doc. 15 at 6.) This is not true. The ALJ cited Dr. McElhinney's background medical study which showed that Plaintiff could carry twenty pounds occasionally and ten pounds frequently. (Tr. at 28.) A

district court may not overrule an ALJ because it would have reached a different factual conclusion, but only if there is no factual support for the ALJ's conclusion. *Krauser*, 638 F.3d at 1326. The existence of Dr. McElhinney's report is sufficient to support the ALJ's finding of contradictory evidence.

## II.  The ALJ's analysis of Plaintiff's pain was adequate

The ALJ's conclusion that Plaintiff's degree of pain was insufficient to constitute disability was free from legal error and supported by substantial evidence. The ALJ must consider "the combined effect of all [a plaintiff's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523(c). The ALJ considered all of Plaintiff's reported symptoms, but concluded, in light of countervailing evidence, that Plaintiff was not disabled. (Tr. at 29-32.) The district court may not undertake a *de novo* factual review of the ALJ's disability determinations, and instead must determine whether the ALJ's determination was supported by substantial evidence. *Krauser*, 638 F.3d at 1326. The ALJ's findings that Plaintiff "experienced improvement in his back condition following surgery," "experienced clinical and symptomatic improvement" from physical therapy, had an "unremarkable physical examination and imaging studies," and "performs daily activities that demonstrate the ability to perform light exertion work" provide a sufficient factual basis for the ALJ's pain assessment. (Tr. at 30-31.)

## III. The ALJ's finding that Plaintiff could perform his past relevant work was adequate

The ALJ's finding that Plaintiff could perform his past relevant work was adequate. Plaintiff alleges that the ALJ, when asking a vocational expert about Plaintiff's ability to work, overestimated Plaintiff's

health condition and therefore elicited the wrong answers from the vocational expert. (Doc. 15 at 13-14.) In short, Plaintiff's argument that the ALJ made the wrong determination of his ability to perform work relates back to his earlier arguments that the ALJ underestimated the severity of his pain and thus overestimated his health condition. Since, as discussed above, the ALJ's determination of Plaintiff's health condition is supported by substantial evidence, the court cannot overrule the ALJ's determination of his ability to perform his past work.

## CONCLUSION

It is ORDERED that:

The decision of the ALJ is AFFIRMED.

DATED: November 15, 2022         BY THE COURT:

~~Daniel D.~~ Domenico
United States District Judge